IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TARONE HOLLINS,

    Defendant.

Case No. 15-20100-JAR

## ORDER DISMISSING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Tarone Hollins' Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c) (Doc. 56). Defendant moves for compassionate release on the grounds that he is a vulnerable inmate at high risk for contracting COVID-19 due to his compromised immune system. The Government opposes Defendant's motion.[1] For the reasons explained below, the Court dismisses Defendant's motion for lack of jurisdiction.

**I.    Background**

On March 30, 2016, Defendant pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) pursuant to a Rule 11(c)(1)(C) plea agreement.[2] On July 6, 2017, the Court sentenced Defendant to 60 months' imprisonment, a three-year term of supervised release, a $100 special assessment, and $5,400 restitution.[3] Defendant is currently incarcerated at

---

[1] Doc. 58.

[2] Doc. 25.

[3] Doc. 28; *see also* Doc. 29.

1

Greenville FCI in Illinois. He is forty-five years old, and his projected release date is August 30, 2022.

On May 26, 2020, Defendant filed this motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(1).[4] Defendant states that he has Graves Disease and hypertension. Based on these medical conditions in conjunction with the COVID-19 pandemic, Defendant asserts his circumstances are extraordinary and compelling such that he should be "grant[ed] early release from the judgement entered in [his] case."[5] Defendant insists that his underlying health conditions make him particularly vulnerable to COVID-19 and if he were to contract the virus, he would develop a severe illness.

Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under that Order, the FPD shall notify the court within 15 days of the filing of any *pro se* compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or seek additional time make such determination. The time to do so has expired and the FPD has not entered an appearance or sought additional time in this case. Accordingly, Defendant's motion shall proceed *pro se*.

---

[4] Doc. 56.

[5] *Id.* at 1.

**II.     Discussion**

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move for compassionate release.[6] This amendment did not give defendants the unrestricted ability to seek compassionate release, but provides that such a motion may be filed only if certain conditions are met:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) In any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or **upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[7]

Thus, a criminal defendant may file a motion for compassionate release only if: "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or

---

[6] *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5238. Before 2018, only the Bureau of Prisons ("BOP") could move for compassionate release of a criminal defendant.

[7] 18 U.S.C. § 3582(c) (emphasis added).

3

(2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf."[8]

As the Government points out, Defendant has not indicated that he has exhausted all of his administrative rights to appeal the BOP's failure to bring a motion on his behalf or that he has requested a compassionate release from the warden of Greenville FCI. Thus, neither condition of § 3582(c) is met. As this Court has previously held, failure to satisfy § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release because courts lack authority "to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic."[9] This result is supported by both the plain text of § 3582(c)(1)(A) and Supreme Court precedent explaining that when Congress provides a statutory exhaustion provision, "courts have a role in creating exceptions only if Congress wants them to," and thus mandatory exhaustion statutes "establish mandatory exhaustion regimes, foreclosing judicial discretion."[10]

Given the Court's conclusion that Defendant has not exhausted his administrative remedies, it does not decide whether he has established that there are "extraordinary and compelling reasons" for his release. Though the Court is sympathetic to Defendant's health issues and the exigent circumstances surrounding the pandemic, it "may not take action where it lacks statutory authorization to do so."[11] Accordingly, the Court lacks jurisdiction over

---

[8]*United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020).

[9]*See, e.g.*, *United States v. Boyle*, No. 18-20092-JAR, 2020 WL 1819887, at 2 (citing *Alam*, 2020 WL 1703881, at *2 (collecting cases); *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1–2 (D. Colo. Apr. 3, 2020) (finding defendant's argument that the court could read an exception into the exhaustion requirement "unpersuasive" and "unsupported by case law")).

[10]*Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (citations omitted).

[11]*Perry*, 2020 WL 1676773, at *2 n.2 (noting an alternative pathway for defendants to seek relief under 18 U.S.C. § 3624(c)(2), which permits the Director of the BOP to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," that the CARES Act, enacted on March 27, 2020, allows the Director of the BOP to "lengthen the maximum amount of time for which the Director is authorized

Defendant's request for a sentence reduction and his motion (Doc. 56) is **DISMISSED for lack of jurisdiction.**

    **IT IS SO ORDERED.**

    Dated: June 16, 2020

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

to place a prisoner in home confinement" under that statute. Pub. L. 116-136, § 12003(b)(2), and that "Attorney General William P. Barr has issued a memorandum directing the Director to 'prioritize the use of [the Director's] various statutory authorities to grant home confinement for inmates,' considering 'the totality of the circumstances for each individual inmate, the statutory requirements for home confinement' and various discretionary factors," but noting "however, this procedure is separate from the Court's jurisdiction to reduce a sentence pursuant to § 3582(c)(1)(A)." (quoting Memorandum for the Director of the Bureau of Prisons from the Attorney General, March 26, 2020, at 1–2)).