IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TARONE HOLLINS (SHIPP),

    Defendant.

Case No. 15-20100-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Tarone Hollins' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 63). For the reasons provided below, Defendant's motion is denied.

### I. Background

On March 30, 2016, Defendant pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a).[1] On July 6, 2016, Defendant was sentenced to 60 months' imprisonment, a 36-month term of supervised release, and a $100 special assessment.[2] He is currently serving a combined sentence of 96 months' imprisonment due to violating his supervised release from the Western District of Missouri that was based on the conduct in this case.

Defendant is currently incarcerated at Greenville FCI. The Bureau of Prisons ("BOP") reports 320 inmates at that facility have tested positive for COVID-19, 1,078 inmates have been

---

[1] Doc. 25.

[2] Doc. 29.

tested, and no inmates have died.³  There are 42 active inmate cases, fourteen active staff cases, and 10 tests remain pending.⁴

Defendant is 46 years old, and his projected release date is September 26, 2022.

On May 26, 2020, Defendant filed a pro se motion requesting compassionate release. On June 16, 2020, the Court dismissed his motion for lack of jurisdiction because Defendant had not exhausted his administrative remedies by first requesting release from the Warden.

On September 15, 2020, Defendant, now represented by counsel, again filed a motion seeking a compassionate release. He requests release due to his underlying medical conditions of obesity, hypertension, and pre-diabetes, and the risk of severe complications or death should he contract COVID-19 while in prison. He requests that his time be reduced to time served, that he be placed on home confinement for one year, and then serve the remaining two years of his supervised release according to the Court's original judgment. The government opposes the motion.

## II.   Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"⁵ Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply. Until recently, these exceptions required the BOP to move on a defendant's behalf. In 2018, however, the First Step Act modified the compassionate

---

³ Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed November 10, 2020).

⁴ *Id.*

⁵ *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

2

release statute, permitting a defendant to bring his own motion for relief.[6]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[7]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[8]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[9]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[10]

---

[6] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[7] 18 U.S.C. § 3582(c)(1)(A).

[8] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[11]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[12]

### III.  Discussion

#### A.  Exhaustion

Here, Defendant has satisfied the exhaustion requirement in § 3582(c).  Defendant sent a letter to the Warden on July 20, 2020, requesting compassionate release.[13]  On August 27, 2020, the Warden denied his request.  The government also concedes that Defendant meets the

---

[11] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[12] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[13] Doc. 63-4.

4

exhaustion requirement. Thus, because more than 30 days have passed since Defendant filed his request with the Warden, this Court has jurisdiction to decide Defendant's motion.

### B.     Extraordinary and Compelling Reasons

Having determined that Defendant has properly exhausted administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant reducing Defendant's sentence to time served. Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[14] The Sentencing Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances which may constitute extraordinary relief.[15]

Here, Defendant asserts that his circumstances constitute extraordinary, compelling reasons to reduce his sentence. He contends that his underlying health conditions of obesity, hypertension, and pre-diabetes, coupled with the outbreak of COVID-19 in prison, make him more susceptible to serious illness or death should he contract COVID-19. The government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's medical conditions in the context of the COVID-19 pandemic constitute an extraordinary and compelling reason. The government contends, however, that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted. Accordingly, the Court will move on to consider the § 3553(a) factors.

---

[14] 28 U.S.C. § 994(t).

[15] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

C.      **Section 3553(a) Factors**

The Court next considers whether Defendant's reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a). That statutes requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[16]

While the Court takes all seven § 3553 factors into account, those most pertinent to Defendant's case are the nature and circumstances of the offense and the history and characteristics of the offense, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to protect the public from further crimes. In consideration of these factors, the Court concludes that releasing Defendant now would not leave him with a sentence that is "sufficient, but not greater than necessary."

Defendant is currently serving a combined 96-month sentence. He committed the serious offense of bank robbery while he was on supervised release from the Western

---

[16] 18 U.S.C. § 3553(a).

6

District of Missouri for the production and distribution, or attempted distribution of over $5,000 in counterfeit notes.  Thus, he was sentenced by this Court to 60 months' imprisonment.  His combined sentence for violating his supervised release and this offense is 96 months' imprisonment.  At this point, he has approximately two years remaining on his sentence.

Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct or his criminal history.  Nor would it provide adequate deterrence or appropriate punishment.  The Court also notes that although Defendant has underlying medical conditions that raise his risk of serious complications from COVID-19 should he contract it, the facility in which he is housed has a relatively smaller amount of current positive COVID-19 cases.  The Court finds that the sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court finds that Defendant does not demonstrate an extraordinary and compelling reason warranting sentence reduction and an early release from prison.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 63) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 10, 2020

                                                            S/ Julie A. Robinson
                                                            JULIE A. ROBINSON
                                                            CHIEF UNITED STATES DISTRICT JUDGE