IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TARONE HOLLINS (SHIPP),

    Defendant.

Case No. 15-20100-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Tarone Hollins's Motion to Reconsider Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 69). The Court previously denied Defendant's motion to reduce sentence, finding that the sentence originally imposed remained sufficient, but not greater than necessary, to meet the sentencing factors enumerated in 18 U.S.C. § 3553(a) and punish the offense involved.[1] Defendant is again before the Court, seeking reconsideration of that denial because Defendant has now tested positive for COVID-19. For the reasons explained below, Defendant's motion is denied.

**I.    Background**

On March 30, 2016, Defendant appeared before Judge Carlos Murguia and pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement.[2] On July 6, 2016, Defendant was sentenced to a 60-month term of imprisonment, followed by three years of supervised release.[3] Defendant was also ordered to

---

[1] Doc. 68.

[2] Doc. 25.

[3] Doc. 29.

pay a $100 special assessment and $5,400 in restitution.[4] Defendant committed this offense while on supervised release from the Western District of Missouri for the production and distribution, or attempted distribution, of over $5,000 in counterfeit notes. His combined sentence for violating his conditions of supervised release and for this offense is 96 months' imprisonment.

Defendant is currently incarcerated at FCI Greenville in Illinois. The Bureau of Prisons ("BOP") reports that 667 inmates have tested positive for COVID-19 out of 1,187 inmates tested at this facility, and no inmates have died.[5] There are thirteen active inmate cases, thirteen active staff cases, and four tests pending at FCI Greenville.[6] Defendant is forty-six years old, and his projected release date is September 26, 2022.

On May 26, 2020, Defendant filed a *pro se* motion requesting compassionate release.[7] This Court dismissed his motion for lack of jurisdiction because Defendant failed to demonstrate that he had satisfied the applicable exhaustion requirement.[8]

On September 15, 2020, Defendant, now represented by counsel, again filed a motion seeking compassionate release.[9] He requested compassionate release due to his underlying medical conditions of obesity, hypertension, and pre-diabetes, which place him at an increased risk of severe illness or death should he contract COVID-19 in prison. On November 10, 2020, the Court denied Defendant's motion, finding that the sentencing factors in 18 U.S.C. § 3553(a)

---

[4] *Id.*

[5] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Jan. 8, 2021).

[6] *Id.*

[7] Doc. 56.

[8] Doc. 59.

[9] Doc. 63.

did not favor a sentence reduction.[10]  Defendant now seeks reconsideration of that denial because he tested positive for COVID-19 on November 4, 2020.

## II.     Legal Standard

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, which must be filed "within 14 days after the order is filed unless the court extends the time." A party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[11]  While a motion to reconsider is available where the court has "misapprehended the facts, a party's position, or the controlling law," such a motion does not permit a party to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[12] "The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances.'"[13]  "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[14]  Whether to grant a motion for reconsideration is left to the court's discretion.[15]

---

[10] Doc. 68.

[11] D. Kan. R. 7.3(b).

[12] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b))).

[13] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1466490, at *4 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[14] *Id.* (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)); *see also Turner v. Nat'l Council of State Bds. of Nursing*, No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc*., 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[15] *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

**III.     Discussion**

Defendant asks this Court to reconsider its November 10, 2020 order denying his motion for compassionate release, contending that his recent positive COVID-19 test represents a considerable change in circumstances that warrants a sentence reduction.  Defendant filed his motion to reconsider fifteen days after this Court denied his motion for compassionate release. Thus, Defendant's motion to reconsider is untimely.

Even if the Court considers the motion timely, reconsideration is not warranted in this case.  Without question, it is regrettable that Defendant contracted COVID-19 while incarcerated.  But this information, while new, does not change the Court's previous analysis. Significantly, Defendant does not report any symptoms or medical complications related to COVID-19, and his medical records indicate that he is asymptomatic, mitigating his concern that he would develop severe complications if infected with the virus.  Defendant asserts that he is at risk of reinfection and argues that "the BOP has shown itself unable to care for those within its custody who have tested COVID positive," citing reports of inmates in BOP custody that have died from COVID-19.[16]  While the Court recognizes the risk of reinfection[17] and is sympathetic to Defendant's concerns about the BOP's COVID-19 response, generalized concerns about COVID-19, even when the virus has spread within a correctional facility, are insufficient to justify compassionate release.[18]

---

[16] Doc. 69 at 4.

[17] *See Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020) ("In general, reinfection means a person was infected (got sick) once, recovered, and then later became infected again.  Based on what we know from similar viruses, some reinfections are expected."); *see also United States v. Keys*, No. 2:16-00234, 2020 WL 6700412, at *3 (E.D. Cal. Nov. 13, 2020) ("While a CDC representative recently has suggested that based on current evidence reinfections are likely uncommon within 3 months, this observation is not so conclusive so as to provide clarity regarding whether someone who has been infected is immune for any period of time, no matter how brief.").

[18] *See United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere

The Court's assessment of the 18 U.S.C. § 3553(a) sentencing factors in its prior ruling remains dispositive, and Defendant's motion does not cause the Court to reconsider this aspect of its decision.  Thus, Defendant's motion to reconsider is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Reconsider Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 69) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 12, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release."); *see also United States v. Manzo*, No. 2:07-CR-02042-LRS-2, 2020 WL 6786898, at *3 (E.D. Wash. Nov. 18, 2020) (finding that, while the defendant "is understandably concerned about the risk of . . . reinfection, . . . the analysis regarding reinfection is the same as the risk of infection from COVID-19 generally," and "a general fear of a virus which exists throughout society" cannot independently justify compassionate release (citations omitted)).